572 S.E.2d 278

In the Matter of Jerry W. CRAIG, Respondent.

No. 25546.

Supreme Court of South Carolina.

Submitted Sept. 20, 2002.

Decided Oct. 28, 2002.

Henry B. Richardson, Jr., and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Charleston, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to imposition of a sanction ranging from an admonition to a public reprimand. Respon-

dent has also agreed to resign from membership in the South Carolina Bar.[1] We accept the agreement and issue a public reprimand. The facts as admitted in the agreement are as follows.

## *Facts*

### I.  Real Estate Matters

In the first matter, respondent prepared a deed for a client in 1986. Respondent failed to include an acre of land in the deed. In 1996, the client informed respondent of this error. Because respondent failed to correct this error in a timely fashion, the client hired another attorney to correct the error.

In the second matter, respondent represented the purchasers in a real estate transaction in 1985. The property was subject to a $2,000 lien. In 1999, the purchasers learned that the lien had not been satisfied and notified respondent. Respondent failed to respond to the purchasers' requests for assistance, and the purchasers personally satisfied the lien. Subsequently, respondent reimbursed the purchasers for their costs in satisfying the lien and otherwise settled the matter to their satisfaction.

### II.  Domestic Matter

In a third matter, respondent undertook representation of a client in a domestic matter. Respondent made inappropriate remarks to the client, used vulgar language, told jokes with sexual references, and offered to reduce his fee if the client would allow respondent to watch the client engage in a specified act. At some point, respondent informed the client that a hearing had been scheduled in her case for February 1999 when, in fact, no hearing was scheduled. Respondent also failed to return the client's telephone calls and failed to respond to the client's letter, dated January 19, 1999, requesting the return of the fees paid by the client to respondent.

---

1. This is the second occasion in which the Court has sanctioned respondent. In 1995, respondent was suspended from the practice of law for 15 months for negligent management of his trust account, failure to supervise employees, lack of diligence, failure to avoid the appearance of impropriety, and failure to cooperate with the disciplinary investigation. *In re Craig,* 317 S.C. 295, 454 S.E.2d 314 (1995).

## III.   Failure to Respond to the ODC

In all of these matters, respondent failed to respond to ODC's initial inquiries and did not respond in a timely fashion to ODC's letters pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

## IV.   Employer Withholding Tax Matter

Liens for payment of employer withholding taxes have been filed against respondent by the South Carolina Department of Revenue and the United States Internal Revenue Service. Respondent has satisfied the lien filed by the South Carolina Department of Revenue, but the federal lien has not been satisfied.

### *Law*

As a result of his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.1 (failing to provide competent represen-tation);  Rule 1.3 (failing to act with reasonable diligence and promptness in representing a client);  Rule 1.4(a) (failing to promptly comply with reasonable requests for information);  Rule 8.4(a) (violating the Rules of Professional Conduct);  Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness);  Rule 8.4(d) (engaging in conduct involving misrepresentation);  and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Respondent has also violated the following Rules for Law-yer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (violating the Rules of Professional Responsibility);  Rule 7(a)(3) (knowingly failing to respond to a lawful demand from a disciplinary authority);  Rule 7(a)(4) (committing a serious crime);  Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice);  and Rule 7(a)(6) (violating the Oath of Office taken upon admission to the practice of law).

### *Conclusion*

Respondent has fully acknowledged that his actions in the aforementioned matters were in violation of the Rules of Professional Conduct and the Rules for Lawyer Disciplinary

Enforcement. In light of respondent's resignation from the South Carolina Bar, we accept this agreement and publicly reprimand respondent.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.